IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

INRE:

| | |
|---|---|
| LUXURY TIME GLOBAL LLC | CHAPTER 11 |
| EIN 5429 redacted | CASE NO 5:25-bk-00912 |
| Debtor-in-Possession | Adversary No. 5:25-ap-    MJC |
| | Preference Transfers |
| | 11 U.S.C. 547(b),550, 502(d) |

LUXURY TIME GLOBAL LLC

Plaintiff

v.

Empire Recovery Solutions LLC

And

Sinclaire Funding Group

Defendants

COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

Pursuant to 11 U.S.C. §547(b), Fed.R.Bank.P. 7001,7003

Plaintiff Luxury Time Global LLC (the Debtor, the Plaintiff, Plaintiff) brings the instant Complaint to Avoid and Recover Preferential Transfers made by Plaintiff to Empire Recovery Solutions LLC(Defendant Empire) and Sinclaire Funding Group(Defendant Sinclaire). (collectively the Defendants)

prior to the filing of the Debtor's petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code, U.S.C. § 101 et seq (the Bankruptcy Code)

## JURDISDITION AND VENUE

1. This is an adversary proceeding pursuant to Fed.R.Bank.P. 7001,7003 and §547(b) of the Bankruptcy Code to recover avoidable transfers made by the Debtor to the Defendants.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334.

3. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C.§157(b(2)(F).

4. This District is the proper venue for this proceeding pursuant to 28 U.S.C. §1409.

## PARTIES

5. Plaintiff, the Debtor, is a limited liability company having office and place of business at 6 Dickson Close, Moosic, PA 18507.

6. Upon information and belief, the Defendant Empire is a limited liability company having a Managing Agent, Steven Zakharyayev Esq. and offices and place of business at 10 W 37th St. RM 602 New York, NY 10018.

7. Upon information and belief Sinclair Funding Group is a New York corporation engaged in the receivable financing business and having a Managing Agent and offices and place of business in Brooklyn County at 1100 Coney Island Avenue, Brooklyn, NY 11230-2342.

8. Upon information and belief Defendant Sinclair obtained a judgment(the Judgment) against Debtor in the Supreme Court of the State of New York, County of Monroe on December 10, 2024, indexed to Case No. E2024018239 and represented therein by Steven Zakharyayev Esquire.

9. Upon information and belief Defendant Sinclair retained Defendant Empire to collect the Judgment.

BACKGROUND

10. The Debtor filed for relief pursuant to Subchapter V of the Bankruptcy Code on April 2, 2025 (the Petition Date).

11. Among other things the Debtor was vested with the estate's right to avoid and recover preferential transfers made by Debtor pursuant to Bankruptcy Code § 547.

## PAYMENTS BY THE DEBTOR

12. The Debtor made payments to the Defendant Empire for the benefit of Defendant Sinclair totaling Six Four Thousand ($64,000) Dollars(the Avoidable Payments, the Avoidable Transfers, the Avoidable Preferences) in the manner, amounts and on the dates as more particularly set forth in Exhibit 1 attached hereto and incorporated by reference herein.

## CLAIMS FOR RELIEF

13. The following causes of action are asserted against the Defendants herein without prejudice to any rights the Debtor may have or which this Court may grant to Debtor to assert additional causes of action or allegations based on facts disclosed in the documents or other information made available to Debtor in the future or developed as a result of discovery or otherwise.

## COUNT 1
### RECOVERY OF AVOIDABLE PREFERENCE PAYMENTS

14. Plaintiff restates and incorporates by reference herein the allegations contained in paragraphs 1 through 13 herein.

15. The payments identified in Exhibit 1 attached hereto and incorporated by reference herein (the Payments, the Avoidable Transfers) constitute transfers of property of the Debtor to or for the benefit of the Defendants including the Defendant Sinclair who was a creditor of the Debtor.

16. The Payments were made for or on account of antecedent debts allegedly owed by the Debtor to Defendant Sinclair and which debts Defendant Empire sought to collect on behalf of Defendant Sinclair.

17. The Debtor was presumptively and actually insolvent at the time of the Payments.

18. The Payments were made on or within the ninety(90) days prior to the Petition Date.

19. By virtue of the Payments, the Defendants received more than they or either of them would have received if the Debtor's estate had been liquidated under Chapter 7 , the Payments had not occurred and the Defendants or either of them had received the payments of the debt to the extent permitted by the Bankruptcy Code.

20. The Payments constitute Avoidable Preferences pursuant to Section 547 of Bankruptcy Code.

COUNT II

TO RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C.§550

21. Plaintiff restates and incorporates by reference herein the allegations contained in paragraphs 1 through 20 herein.

22. Defendants were the initial transferee of the Payments or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Payments were made.

23. Unless otherwise determined after a trial, pursuant to 11 U.S.C. §550(a), Plaintiff is entitled to recover from Defendants the sum of Six Four Thousand ($64,000)(the Avoidable Transfers) Dollars plus interest thereon to the date of payment and the costs of this action.

COUNT III

TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502(d)

24. The Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs I through 23 above.

25. .Defendants were the initial transferee of the Payments or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Payments were made.

26. Pursuant to 11 U.S.C. § 502(d), any claims of Defendants or either of them against the Debtor must be disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all the Avoidable Transfers, plus interest thereon and costs.

WHEREFORE, the Plaintiff respectfully requests that this court grant judgment as follows:

(a) Declare the Payments to be Avoidable Preferences and award judgment against the Defendants in the amount of Six Four Thousand ($64,000) Dollars.

(b) Award pre-judgment and post-judgment interest and costs.

(c) Pursuant to 11 U.A.C. §502(d), disallow any claim of Defendants or either of them against Debtor; and

(d) Grant such other and additional relief to the Plaintiff as may be just and proper.

Respectfully submitted

/s/ C. Stephen Gurdin, Jr.
C. STEPHEN GURDIN, JR., ESQUIRE
67-69 Public Square, Suite 501
WILKES-BARRE PA 18701-2512
Phone (570) 826-0481 fax (570) 822-7780
e-mail Stephen@gurdinlaw.com
Attorney ID 01860
Attorney for Debtor in Possession
Email: stephen@gurdinlaw.com
Additional email, paralegal: michelle@gurdinlaw.com